Norris E. SMITH, Appellant,

v.

MATTHEWS TRUCKING COMPANY, INC., dba Louisiana-Matthews Trucking Company, Inc. and Gerald W. Foster; and Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company and Mathews-Lufkin, Inc., d/b/a Mathews Trucking Company, Appellees.

No. 09 82 125 CV.

Court of Appeals of Texas, Beaumont.

Feb. 2, 1984.

Rehearing Denied Feb. 23, 1984.

Thomas R. Needham, Dallas, for appellant.

John O. Kain, Houston, for appellees.

## OPINION

PER CURIAM.

Norris E. Smith appeals from a summary judgment rendered against him in his suit for damages. The adverse summary judgment was based upon the 2 years statute of limitations. TEX.REV.CIV.STAT.ANN. Art. 5526 (Vernon 1958).

The Appellant's original petition was filed February 15, 1980, in the District Court of Morris County. In his original petition Smith alleges that a vehicular crash occurred on February 17, 1978, in the named county and involved the Appellant and a 1975 white tractor/trailer truck owned and used by a certain defendant in the operation of its business and driven by Gerald W. Foster acting within the course and scope of his employment with the defendant company. The company named as defendant in the original petition was "*Matthews*[1] Trucking Company, Inc. ... a foreign corporation ... doing business in ... Texas, and may be served with process by serving ... C.T. Corporation ... Dallas, ... Texas."

*Matthews*-Lufkin, Inc., d/b/a *Matthews* Trucking Company, (also spelled variously in the pleadings as *Mathews*) the only ap-

1. All emphasis is ours unless otherwise noted.

pellee before us, being the correct defendant, or its insurance company, had actual knowledge of the collision of their truck and the Appellant's vehicle. The insurance company, through Bill Jung, its agent, investigator, and claims manager, knew about the collision and had conducted an investigation before limitations had run. From the summary judgment proof, Jung had received by mail a true copy of the original petition of Smith before February 17, 1980. The defendant-appellee, in one of its basic positions, seeks to avoid a trial on the merits by asserting in its original answer:

"Defendant, *Mathews*-Lufkin, Inc. would show that at all times material to the events made the basis of this case *Mathews*-Lufkin, Inc. was a Texas Corporation with its registered agent for service, K.C. *Mathews* at 5960 Port Arthur, Beaumont, Jefferson County, Texas. Defendant has never done business as a *Mathews*-Louisiana Trucking Company, Inc., [sic] and its registered agent for service has never been the C.T. Corporation, Republic National Bank Building, Dallas, Dallas County, Texas as alleged in the Plaintiff's Original Petition. Defendant would respectfully show that this cause of action ... was not instituted within two years from February 17, 1978." (Paragraph II, Original Answer of *Mathews*-Lufkin, Inc.)

The Appellee, in its Motion for Summary Judgment, avers:

"The Defendant would show that Plaintiff's Original Petition filed in Morris County, Texas alleges that Norris E. Smith was involved in a collision with a vehicle operated by Gerald W. Foster, allegedly an employee of *MATTHEWS* TRUCKING COMPANY, INC., d/b/a LOUISIANA-*MATTHEWS* TRUCKING COMPANY, INC. Plaintiff further alleged that that [sic] Defendant was a foreign corporation with a registered agent in Dallas County, Texas. Plaintiff caused service to be perfected upon the C.T. Corporation, Republic National

Bank Building, Dallas County, Texas as agent for service for such Defendant.

"Plaintiff's pleadings further reveal that the accident made the basis of the Plaintiff's suit occurred on February 17, 1978. After the expiration of Statute of Limitations, on or about May 20, 1980, the Plaintiff caused a new citation to be issued and served upon *MATTHEWS* TRUCKING COMPANY, 5960 Port Arthur, Beaumont, Jefferson County, Texas. In response to that citation, served after the Statute of Limitations had expired, *MATTHEWS*–LUFKIN, INC., d/b/a *MATTHEWS* TRUCKING COMPANY, filed its Plea of Privilege and its Original Answer subject thereto. In its conditional Answer, Defendant *MATTHEWS*–LUFKING [sic], INC., d/b/a *MATTHEWS* TRUCKING COMPANY, pled that it had never done business as *MATTHEWS*–LOUISIANA TRUCKING COMPANY, INC. and that it had never had as agent for service the C.T. Corporation, Dallas, Dallas County, Texas." (Motion for Summary Judgment, Paragraphs II and III)

On June 5, 1980, *"Matthews*-Lufkin, Inc., dba *Matthews* Trucking Company", filed its Plea of Privilege alleging that at all times material the residence of "Defendant, *Matthews*-Lufkin, Inc., dba *Matthews* Trucking Company" was 5960 Port Arthur Road, Beaumont, Jefferson County, Texas.[2]

On September 3, 1980, order was entered by the District Court of Morris County, Texas, sustaining the Plea of Privilege of *"Matthews*-Lufkin, Inc., d/b/a *Matthews* Trucking Company" because the Appellant did not controvert the facts alleged therein. The case was then transferred to the District Court of Jefferson County.[3]

The first affidavit attached to the motion for summary judgment was made by K.C.

*Matthews* and states that, in 1977, he organized a corporation named *"Matthews*-Lufkin, Inc., d/b/a *Matthews* Trucking Company" and is the registered agent. The affidavit states that there were no business relationships or common ownership between his company and the company named in Plaintiff's Original Petition. The affiant states service of process was accomplished on him *"on or about* May 20, 1980," after the expiration of the two year statute of limitations.

The second affidavit was made by Jung, whose capacity in his affidavit is not candidly explained. Appellant's controverting affidavit states that Jung is a claims manager for Surplus Underwriters Casualty Insurance Company. Jung states, in pertinent part:

"I was contacted concerning this accident for the first time by the Plaintiff attorney, Thomas R. Needham, on January 28, 1980. In the telephone conversation, Mr. Needham indicated that he represented Norris Smith. He made a demand for settlement, but I made no offer to settle. I did not negotiate the claim with Mr. Needham, but only noted his representation of Norris Smith and the demand for settlement.

*"On February 15, 1980*, I received a *copy of the* Plaintiff's Original Petition in which Mr. Needham had sued a Defendant other than *Matthews*-Lufkin, Inc. d/b/a *Matthews* Trucking Company.

"I made no agreements of any kind with Mr. Needham. I was not asked by Mr. Needham and did not enter into any agreement to accept service on behalf of *Matthews*-Lufkin, Inc. d/b/a *Matthews* Trucking Company or to extend the period of limitations. There was no discussion between Mr. Needham and myself

---

**2.** We are somewhat confused ourselves by the inconsistency in the spellings of the names "Mathews" and "Matthews" in the two instruments filed by John O. Kain, Kain and Reedy, Attorneys at Law, Houston, and each containing averments under oath by Kain that the facts contained therein "are true and correct".

**3.** By mistake or confusion, Employers Casualty Company intervened in the suit on or about July 2, 1980, claiming it was the workers compensation carrier for "Matthews Trucking Company, Inc., d/b/a Louisiana-Matthews Trucking Company, Inc.", and that it paid to *Norris E. Smith ... an employee of that trucking company* workers compensation benefits.

concerning the corporate name or agent for service of the Defendant. I did not consider that suit had been instituted against *Matthews*-Lufkin, Inc. d/b/a *Matthews* Trucking Company based upon the copy of the Original Petition supplied to me *February 15, 1980* because an entirely different Defendant had been sued."

To the Motion for Summary Judgment and accompanying affidavits, Appellant filed his affidavit in opposition to summary judgment. The affidavit was made by Thomas R. Needham, plaintiff-appellant's attorney, and states in pertinent part:

"On January 28, 1980, I had a telephone conversation with Mr. Bill Jung, Claims Manager for Surplus Underwriters Casualty Insurance Company, concerning the incident made the basis of this lawsuit. The facts and circumstances of the February 17, 1978, incident made the basis of this lawsuit were fully discussed and settlement negotiations were unsuccessful. Due to the impending statute of limitations, I advised Mr. Jung that we would be filing a lawsuit very shortly. "The police report reflects the name of the Defendant's vehicle in question to have been owned by *Mathews* Trucking Company. Correspondence received from Mr. Bill Jung reflected the proper name of the Defendant to be *Matthews* Trucking Company. I personally called the Secretary of State's Office, Corporate Records Division, Austin, Texas, and was advised that state records reflected only one such name, that being *Matthews* Trucking Company, Inc., d/b/a Louisiana-*Matthews* Trucking Company, Inc.

"On February 13, 1980, I forwarded Plaintiff's Original Petition to the District Clerk for filing. Concurrently therewith, on February 13, 1980, I forwarded a copy of Plaintiff's Original Petition to Mr. Bill Jung.

"On March 20, 1980, I was contacted by Mr. F.M. Taylor, a representative of *Mathews* Trucking Company, Inc., and advised that they were not the trucking company in question. I subsequently contacted Mr. Bill Jung and was advised that he had received my February 13, 1980, correspondence and the copy of the Petition but that to his knowledge the company he represented had never been properly served. On May 7, 1980, I requested the District Clerk to reissue citation and on May 14, 1980, such citation was received by me and forwarded to the Jefferson County Sheriff's Department for service. I was advised that service was had on May 20, 1980."

Summary judgment was rendered dismissing the suit on November 1, 1982; this appeal followed.

Perhaps Appellant's characterization of this suit as "name games" is only overly zealous advocacy; but his contention that the statute of limitations was never intended by the legislature as an escape mechanism, under this record, has merit.

Appellee cites a line of authority culminating, according to its brief, in the following proposition:

"If the plaintiff *misnames* the person sought to be held liable and serves that person, then the subsequent amendment of plaintiff's pleadings to correctly state the name of the defendant relates back to the date of the original petition. On the other hand, if the plaintiff is *mistaken as to which of two persons is liable and obtains service* upon the wrong party and then subsequently amends his petition to join the proper party, such amended petition is a new lawsuit and the statute of limitations is not tolled until the plaintiff files his amended petition."

*See Marez v. Moeck,* 608 S.W.2d 740, at 742 (Tex.Civ.App.—Corpus Christi 1980, no writ). *See also Ramos v. Levingston,* 536 S.W.2d 273 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Thomas v. Cactus Drilling Corporation,* 405 S.W.2d 214 (Tex.Civ.App. —Austin 1966, no writ). The "no writ" histories of each of these cases makes us reluctant to find them as controlling of our case, and we respectfully decline to do so. Also, we believe that without some leeway or flexibility, the rule is too absolute and

harsh, cannot be utilized to promote justice and tends to encourage "name games" as well as final dispositions of meritorious actions by technicality rather than by a fair hearing on the merits of each party's case. The rule cited above is unreasonably stringent when applied in our case.

We also observe in the instant situation the following: Here the Appellant filed suit two days before the expiration of limitations. Once Appellant's understandable mistake was made known to him, working at a reasonable pace, he did obtain service upon the correct party.

We believe the above cited rule of law should be read in the light of the paramount purpose of a statute of limitations. In *Price v. Anderson*, 522 S.W.2d 690 (Tex. 1975), at page 692, the Court reasoned:

"The primary purpose of a statute of limitations is to compel the exercise of a right of action within a *reasonable time* so that the opposing party has a *fair opportunity* to defend while witnesses are available and the evidence is fresh in their minds." (emphasis ours)

*See and compare Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975). In *Continental Southern Lines, Inc., supra*, at 831, the Court stated, in effect, that the following factors or questions should be considered: Was the true defendant cognizant of the facts? Was he mislead or placed at a real disadvantage (as opposed to a mere speculative disadvantage) in obtaining relevant evidence? Most importantly, would the defendant have known or should have known that it would be the target if plaintiffs ever learned the correct detailed facts, and did it have as much opportunity to prepare a defense as if it had been named a defendant in the original petition? Indeed, in *Continental Southern Lines, Inc. v. Hilland, supra*, the Court wrote, at page 831:

"While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental

Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit."

Read in the light of these guidelines, we believe the evidence raises issues of material facts concerning the correct construction and application of the statute of limitations. *See and compare Sumrak v. Tenneco Oil Company*, 648 S.W.2d 778 (Tex.App.—Fort Worth, 1983, no writ); *Barnett v. Houston Natural Gas Company*, 617 S.W.2d 305 (Tex.Civ.App.—El Paso, 1981, writ ref'd n.r.e.).

Although Needham's affidavit is, in certain parts, somewhat inartfully drawn, we find that it substantially complies with the standards of acceptable motion for summary judgment proof and evidence sufficient to raise material issues of fact contained therein. We find that, as a result, the governing statute of limitations was incorrectly construed.

Although in Needham's affidavit there is no hint or intimation to the effect that he asked Jung to either accept service or to agree to extend the period of limitations; nevertheless, Jung, in his affidavit, states that he "he did not enter into any agreement to accept service on behalf of *Matthews*-Lufkin, Inc. d/b/a *Matthews* Trucking Company or to extend the period of limitations." In fact, Needham does not even imply that any such agreements were made with Jung which leads us to the query: Was Jung properly empowered to accept service on behalf of *Matthews*-Lufkin, Inc. d/b/a *Matthews* Trucking Company and also was Jung empowered to extend the period of limitations? Again, finding that material issues of fact were raised and that the applicable statute of limitations was wrongfully construed and erroneously applied, we reverse the judgment and remand the cause for a trial on the merits.

In the last paragraph of Jung's affidavit, he swears that he was contacted by the Appellant's attorney, Needham, on January 28, 1980, and that Needham stated that he represented Norris Smith concerning the occurrence in question and even made a

demand for settlement in behalf of the Appellant, Norris E. Smith, against Jung's insurance company or the assured of Jung's, being *Matthews* -Lufkin, Inc., d/b/a *Matthews* Trucking Company. We are at a total loss, however, to understand why Jung did not consider that the suit had been instituted against *Matthews* -Lufkin, Inc., d/b/a *Matthews* Trucking Company, his assured. Jung says that the reason was because "an *entirely different* Defendant had been sued". He must have at least considered the fact that there was close, meaningful similarity in the names. In any event, at least the d/b/a name of the correct defendant was *Matthews* Trucking Company or *Mathews* Trucking Company, which was either the assumed name or *common name* of the correct defendant. And Jung could immediately see that the Plaintiff's Original Petition was against the *Matthews* Trucking Company, Inc. How could he, in good faith, say that it was an *entirely* different defendant and, therefore, *he did not consider that the suit was instigated or instituted against* the correct defendant? Further, Jung is shown to be, in the Summary Judgment proof, the Claims Manager for Surplus Underwriters Casualty Insurance Company and, from the affidavit of Needham, *the facts and circumstances of the February 17, 1978,* incident made the basis of this lawsuit were discussed and settlement negotiations were initiated. Also, Needham advised Jung that he (Needham) would be filing a lawsuit very shortly. Why then did Jung consider that the petition was not meant for his assured? Also, the police record apparently reflects that the vehicle in question was shown to have been owned by *Mathews* Trucking Company and the proof tended to demonstrate that the correspondence received from Jung by Needham reflected that the proper name of the correct defendant was the *Matthews* Trucking Company. Since at least issues are raised as to material facts, in this summary judgment proceeding, we must reverse the judgment.

■ We additionally hold that when a public liability insurance agent or claims manager, representing the correct defendant, discussed the case with the Plaintiff's/Appellant's lawyer and received an offer of settlement and was not mislead at that time as to who the proper, correct defendant was and received a copy of the Plaintiff's/Appellant's Original Petition within a time not barred by the applicable statute of limitations and the insurance agent or claims manager knew the proper, correct name of the assured, being the right defendant; then, as a matter of law, such set of facts tolled the statute of limitations until the claims manager advised the Plaintiff's/Appellant's attorney as to the correct legal name of the correct Defendant/Appellee. Such a rule is justified to improve the administration of justice. *See and compare Castro v. Harris County and Harris County Flood Control District,* 663 S.W.2d 502 (Tex.App.—Houston [1st Dist.] 1983, no writ history).

■ In addition, we believe there was an understandable confusion of names, at least insofar as *Mathews* Trucking Company, *Matthews* Trucking Company, Inc., is concerned.[4] Under TEX.R.CIV.P. 28, entitled "Suits in Assumed Name", a private corporation, doing business under an assumed name may sue or be sued in its:

"[A]ssumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted."

Surprisingly, the rule and the two-year limitations statute for negligence actions

---

4. Obviously, there was confusion even for the appellee's attorney of record concerning the correct defendant since he identified the correct defendant in the Original Answer *Mathews* -Lufkin, Inc., d/b/a *Mathews* Trucking Company and then identified the correct defendant in his Plea of Privilege as *Matthews* -Lufkin, Inc. dba *Matthews* Trucking Company. This able attorney is not to be criticized because equally the attorney of record for the Intervenor, Employers Casualty Company, was also confused and filed his Plea of Intervention against *Matthews* Trucking Company, Inc., d/b/a Louisiana-*Matthews* Trucking Company, Inc., and Gerald Foster.

are of equal force and dignity. *Cohen v. C.H. Leavell & Co., Inc.,* 520 S.W.2d 793 (Tex.Civ.App.—El Paso 1975, no writ). So, in a sense, this case was brought against the correct defendant in its assumed or, at least, its common name. *See Continental Southern Lines, Inc. v. Hilland, supra.*

Also, we note that this case presents an especial fact situation in that the attorney for Plaintiff/Appellant telephoned the Secretary of State using an assumed or common name of the correct Defendant/Appellee. Then a mistake occurred when the Secretary of State (the Corporate Records Division), in his official capacity, furnished information to the attorney that compounded the confusion by advising that the official records of the State of Texas reflected only one such similar name—*Matthews* Trucking Company, Inc., d/b/a Louisiana-*Matthews* Trucking Company, Inc. Due to the mistake caused by such public official, the statute of limitations should have been tolled for a reasonable time until the correct Defendant/Appellee was served. *See and compare Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964).

■ In any event, and as an additional ground of reversal, it appears that this Summary Judgment or Order is interlocutory in nature and not final because it did not dispose of all of the parties and all of the issues. For example, there is an intervention filed by Employers Casualty Company for the sum of $2,959.00 in compensation and $949.00 in medical benefits. That cause of action was not disposed of. There has been no motion for severance, no order of severance, that severs out, in any manner, this proper intervention in this case. It is the well established and elementary law in Texas that there can be only one final judgment in a cause of action and this rule applies to summary judgments.

For the reasons above stated, and as an additional ground, that being in the interest of justice, the cause is remanded to the District Court for trial on the merits.

REVERSED AND REMANDED.