**MATTHEWS TRUCKING COMPANY, INC., d/b/a Louisiana-Matthews Trucking Company, Inc., et al., Petitioners,**

v.

**Norris E. SMITH, Respondent.**

**No. C–2870.**

Supreme Court of Texas.

Nov. 28, 1984.

Rehearing Denied Jan. 16, 1985.

Kain, Reedy and Hornbuckle, John O. Kain, Houston, for petitioners.

Ford, Needham and Johnson, Thomas R. Needham, Dallas, Atchley, Russell, Waldrop and Hlavinka, C. Cary Patterson, Texarkana, for respondent.

McGEE, Justice.

The crux of this personal injury case is whether the correct defendant was named. There are two entities with similar names. Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company is the correct defendant. Matthews Trucking Company, Inc., d/b/a Louisiana-Matthews Trucking Company, Inc., was the entity named as defendant in plaintiff's petition.

The trial court granted a motion for summary judgment in favor of Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company because it was not sued within two years from the date of the accident. Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp. 1984). The court of appeals reversed the trial court's judgment and remanded the cause for a trial on the merits. 665 S.W.2d 836. We reverse the court of appeals' judgment and affirm the trial court's judgment.

On February 17, 1978 Smith was allegedly injured in a collision with a vehicle driven by Gerald W. Foster, an employee of Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company. Smith's attorney discussed the accident with Surplus Underwriters Casualty Insurance Co., the insurance carrier for Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company; however, settlement negotiations were unsuccessful. Although a representative of the insurance carrier told the attorney that the defendant was "Matthews Trucking Company," there is no claim that this was a misrepresentation of the corporate identity of the defendant. Smith's attorney claimed that he called the Secretary of State's Office, Corporate Records Division, and was advised that state records reflected only one "Matthews Trucking Company," that being Matthews Trucking Company, Inc., d/b/a Louisiana-Matthews Trucking Company, Inc.

On February 15, 1980 Smith filed his original petition against Foster and Foster's alleged employer, Matthews Trucking Company, Inc., d/b/a Louisiana-Matthews Trucking Company, Inc. The petition recited that Louisiana-Matthews Trucking Company, Inc. was a foreign corporation, and could be served with process by serving its agent, C.T. Corporation, Republic National Bank Building, Dallas, Texas.

Louisiana-Matthews Trucking Company, Inc. was served with process on March 5, 1980. Smith's attorney was contacted on March 20, 1980 by Louisiana-Matthews Trucking Company, Inc. and was told that it was not the trucking company sought to be charged. Smith's attorney requested that the district court reissue citation. On May 20, 1980 "Matthews Trucking Company" in Beaumont, Texas, was served with process. Smith did not amend his pleadings.

On June 5, 1980 Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company, answered the suit with a general denial and specifically alleged Smith's cause of action was barred by the two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp.1984). Employers Casualty Company intervened on June 30, 1980, seeking recovery of workers' compensation benefits paid to Smith.

Matthews-Lufkin, Inc. contends the court of appeals erred in holding that: (1) Matthews-Lufkin, Inc., was sued "in a sense" in Smith's original petition; (2) the statute of limitations was tolled until the insurance claims manager advised plaintiff's attorney of the correct defendant; (3) the statute of limitations was tolled due to an official error made by the Secretary of State's office; and (4) the trial court's judgment was interlocutory because it did not dispose of Employers Casualty Company's intervention.

This is not a misnomer case in which a plaintiff sued the correct defendant but merely misnamed the defendant. In such a case, service upon the correct defendant would be proper and the defendant would then be under a duty to plead such misno-

mer and seek abatement. *See Adams v. Consolidated Underwriters*, 133 Tex. 26, 124 S.W.2d 840 (1939); *Abilene Independent Telephone & Telegraph Co. v. Williams*, 111 Tex. 102, 229 S.W. 847 (1921). There is no business connection or relationship between the two companies in this case, and therefore, *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex.1975), and *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975) are not applicable.

■ In this case, Smith sued the wrong corporate defendant, Matthews Trucking Company, Inc., d/b/a Louisiana-Matthews Trucking Company, Inc. The filing of that suit did not toll the running of the two-year statute of limitations in favor of the correct defendant, Matthews-Lufkin, Inc., d/b/a Matthews Trucking Company. *Stokes v. Beaumont, Sour Lake & Western Railway Company*, 161 Tex. 240, 339 S.W.2d 877 (1960). The court of appeals erred in holding that Matthews-Lufkin, Inc. was sued in Smith's original and only petition.

■ The court of appeals also erred in holding that the statute of limitations was tolled until the insurance claims manager advised Smith's attorney of the correct defendant. A suit mistakenly filed against the wrong defendant imposes no duty on the correct defendant to intervene and point out plaintiff's error. Moreover, the rule applies even though the correct defendant may have known of the suit. *McDonald v. Miller*, 90 Tex. 309, 39 S.W. 89, 95 (1897); *Garcia v. Employers Casualty Company*, 519 S.W.2d 685, 689 (Tex.Civ. App.—Amarillo 1975, writ ref'd n.r.e.); *Astro Sign Company v. Sullivan*, 518 S.W.2d 420, 424 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

■ The court of appeals held that the statute of limitations should have been tolled for a reasonable time until the correct defendant was served because of an alleged mistake made by the Secretary of State, Corporate Records Division. This was error. The use of an "official mistake" to avoid the effect of a judgment has only been applied to cover mistakes made by officers of the court or official court functionaries. *See Baker v. Goldsmith*, 582 S.W.2d 404, 407 (Tex.1979); *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 244 (Tex.1974); *Gracey v. West*, 422 S.W.2d 913, 915–16 (Tex.1968); *Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex. 1964). The Secretary of State is not an officer of the court or an official court functionary. Therefore, we hold that the court of appeals erred in extending the "official mistake" rule to cover a state official who was not an officer of the court.

■ The court of appeals held that an additional ground for reversal existed because the trial court's judgment was interlocutory and not final. Because Employers Casualty Company's intervention for workers' compensation was not disposed of, the court of appeals held that the trial court's judgment was a partial summary judgment and not appealable. The order granting summary judgment expressly dismissed "the cause of action of NORRIS E. SMITH and Intervenor, EMPLOYERS CASUALTY COMPANY." We hold that the court of appeals erred in holding that the trial court's judgment was interlocutory and not final.

■ While the trial court judgment was not interlocutory, it erroneously disposed of Employers Casualty Company. In *Teer v. Duddlesten*, 664 S.W.2d 702 (Tex.1984), we held that the trial court erred in rendering judgment for the City of Bellaire, a party not before the court in the summary judgment proceeding. In this cause, Matthews-Lufkin, Inc. did not name Employers Casualty in its motion for summary judgment and requested no relief as to the intervenor. Although Employers Casualty was not a party to the summary judgment proceedings, its intervention was dismissed by the trial court. In *Young v. Hodde*, 682 S.W.2d 236 (Tex.1984), we held that the erroneous rendition of a final summary judgment was not fundamental error. In *Young* and *Teer*, we considered the erroneous judgment because the error was prop-

erly preserved for our review. Employers Casualty has not appealed.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.