DACA, INC., Appellant,

v.

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
Appellee.

No. 01–90–01116–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 16, 1992.

David Davenport, Houston, for appellant.

Ben Schleider, Houston, for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

O'CONNOR, Justice.

This appeal involves an insurance company's duty to represent an entity who was not named as a party or served with process. This appeal arose out of two lawsuits: The first suit was filed by the Perrins against Callie Davenport as "Callie Davenport d/b/a Daca, Inc." and three other individuals for fraud and conspiracy to defraud in a controversy involving title to real property. Callie Davenport, who was the president of Daca, Inc., was sued and served; Daca, Inc. was not sued or served. The parties settled.

The second suit was filed by Daca, Inc. (not Davenport) against Commonwealth Land Title Insurance Company to recover the attorney fees expended in defending the first suit. This second suit, tried to the court, resulted in a take-nothing judgment against Daca, Inc. We affirm.

### The first suit

Daca, Inc. loaned $15,400 to Lonnie Stapp, who used it to purchase a house from Mr. and Mrs. Wayne Perrin. At the closing on the house, the Perrins received a second lien note in the amount of $26,000, which was subordinated to Daca, Inc.'s first lien of $15,400. Daca, Inc. purchased a policy for mortgagee's title insurance from Commonwealth. The named insured on the policy was Daca, Inc., not Davenport.

Sometime later, when Stapp defaulted on both liens, Daca, Inc. foreclosed on the property. The Perrins then sued "Callie Davenport d/b/a Daca, Inc.," David Davenport, Lonnie Stapp, and another individual, for fraud and conspiracy to defraud. The Perrins' petition described Callie Davenport as "an individual who does business at 810 Voss Road, Houston, Harris County, where he [sic] may be served with process in this suit." Callie Davenport, who was represented by her own attorney, filed a sworn answer denying she was doing business as Daca, Inc. Callie Davenport asked Commonwealth to defend Daca, Inc.; she did not file a motion to abate on grounds that she was not the proper party or any other motion to substitute Daca, Inc. as a party. Later, Callie Davenport's attorney asked Commonwealth to sign a substitution of counsel for Callie Davenport. Commonwealth refused to represent Daca, Inc. because Davenport was sued as an individual and she was not the named insured under the title policy.

Sometime after the suit was filed, to avoid any possible default judgment based on a liberal construction of the pleadings, Commonwealth filed an answer for Daca, Inc. After participating in some discovery, Commonwealth took no further action. Dale French, who represented Callie Davenport, assumed the representation of Daca, Inc. The parties eventually settled the first suit for $1,750.00. Commonwealth did not participate in the settlement.

### The second suit

After the first suit was settled, Daca, Inc. filed the second suit, alleging Commonwealth breached its obligation to defend Daca, Inc. in the first suit. Daca, Inc. asked for damages of at least $12,503.80, to include $1,750 for settlement of the first suit, $7,896 for attorney fees, and additional amounts for court costs. Commonwealth answered, contending it was not obligated to defend Daca, Inc. because Daca, Inc. was not named as a defendant in the first suit, and the claim was not covered under the title policy.

After a non-jury trial, the court rendered judgment for Commonwealth and filed findings of fact and conclusions of law. Some of the trial court's conclusions were: Daca, Inc.'s claims were barred because it was not a party to the Perrin lawsuit; the first suit was based on fraud, which was not covered by the title policy.

Daca, Inc. brings 26 points of error challenging the trial court's findings of fact and conclusions of law.

### The standard of review

■ In an appeal from a bench trial, findings of fact have the same weight as a jury's verdict upon special issues. *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1988, no writ). Findings of fact are not conclusive, however, when a complete statement of facts appears in the record. *Pontiac v. Elliot*, 775 S.W.2d 395, 399 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd). Findings of fact are binding on this Court only if supported by the evidence. *Id.*

■ The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *IFG Leasing*, 748 S.W.2d at 566. We use the same legal and factual sufficiency standards to review findings of fact that we use to review jury findings. *MCZ, Inc. v. Smith*, 707 S.W.2d 672, 678 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

### 1. The non-party defendant

In point of error 26, Daca, Inc. argues the trial court erred in its finding of fact and conclusion of law that Daca, Inc. was neither made a party, nor ever appeared as

a distinct corporate defendant. Daca, Inc. divides its arguments into subparts.

### a. Misnomer

■ Under the first subpart of point 26, Daca, Inc. argues that Daca, Inc. was the true defendant, notwithstanding the misnomer of "Callie Davenport d/b/a Daca, Inc." as the defendant. Daca, Inc. contends it was liable in the first suit even though not named as a party because the plaintiffs alleged its $15,400 lien was void.

■ If Daca, Inc. was the true defendant, Callie Davenport, as a named party in the first suit and the president of Daca, Inc., could have filed a motion to abate, alleging she was not the proper party and Daca, Inc. should be substituted. *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 238–39 (Tex.1984). She made no such motion. The effect of serving the wrong defendant who is related to the correct defendant is that it may toll the statute of limitations. *Id.* at 239. The misnomer-of-party rule does not act to substitute the correct defendant for the incorrect one. *Id.*

We have found no case law in which the identification of a "d/b/a" entity was sufficient to join a registered corporation as a named defendant. We turn to a recent Texas Supreme Court opinion on misnomer of a defendant.

In *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991), the supreme court held that a trial court may not render judgment against a party not before the court. In *Mapco*, the plaintiffs sued a defendant (Mapco Underground Storage of Texas, Inc.) with a name similar to another related corporation (Mapco, Inc.). After a non-jury trial in which the defendant was referred to as Mapco, Inc., the trial court rendered a judgment against both Mapco Underground Storage of Texas, Inc. and Mapco, Inc. The supreme court held that the plaintiff's petition identified only Mapco Underground Storage of Texas, Inc. as a defendant, which was the only defendant served. *Id.* In response, the plaintiffs argued that Mapco, Inc. waived the issue because Mapco, Inc. did not raise it until the motion for rehearing to the court of appeals. The court replied that the issue was not waived because it was jurisdictional.

Here as in *Mapco*, the defendant was not named as a defendant or served. As in *Mapco*, we hold that the trial court could not have rendered judgment against Daca, Inc. because it was not a party and had not been served.

### b. Waiver by answer

■ Under the second subpart of point 26, Daca, Inc. argues that when it filed an answer, it submitted itself to the trial court's jurisdiction and waived non-identification as a defendant and service.

We resolve this matter by again referring to *Mapco*. In *Mapco*, the plaintiffs argued that Mapco, Inc. was before the court because the defendant, Mapco Underground Storage of Texas, Inc., made a judicial admission when it filed pleadings identifying itself as "Mapco, Inc." The court rejected that argument. Similarly, we reject the argument that Daca, Inc. became a party to the suit by filing a general denial. The plaintiff is the master of his own lawsuit and names the defendants he wishes to sue. Here, the plaintiffs did not name Daca, Inc. as a defendant in their original petition, in their amended petitions, or in their motion to dismiss the suit after the case was settled. Neither did the trial court's order, dismissing the case, identify Daca, Inc. as a party. We hold that filing an answer may waive service of citation but it does not invoke the status as a defendant in plaintiff's lawsuit.

We overrule point of error 26.

### 2. Title policy coverage

■ In points of error one and two, Daca, Inc. argues that the trial court erred when it found that Commonwealth was not required to defend it in the first suit. Recall that the trial court found that Commonwealth was not required to defend the first suit because it was based on fraud, which was excluded from coverage under the title policy. Daca, Inc. argues that in

the first suit the Perrins asserted three other causes of action that were not excluded from coverage: (1) the allegation that Stapp did not pay any consideration; (2) the allegation that plaintiffs agreed to subordinate only to the amount of $7,000; and (3) the allegations that other defendants perpetrated the fraud. Daca, Inc. contends these allegations were covered by the title policy. Daca, Inc.'s argument is faulty in at least two respects: First, the three allegations are mere statements in the petition and do not constitute three additional causes of action; second, even if the allegations constituted causes of action, Daca, Inc. does not identify what sections in the five-page title policy cover these types of suits.

In response to Daca, Inc.'s argument, Commonwealth says we must look to the entire petition to determine if it was the type of suit it was required to defend. *Houston Title Guar. Co. v. Fontenot*, 339 S.W.2d 347, 350 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.). The Perrins' petition stated that the $15,400 lien was the result of fraud perpetrated by the defendants acting in concert and "the instruments taken as a whole together with the fact that the premises were never occupied by [Stapp] indicate fraud was perpetrated...." In the title policy under the section "Exclusion" section (a) states that the policy does not apply "[T]o any claim arising out of any criminal act or malicious, dishonest, or fraudulent act or omission of any insured, partner or employee committed with actual malicious, dishonest or fraudulent purpose or intent...."

We hold the trial court's finding of fact, that the Perrins' suit was based on a type of fraud excluded from coverage by the terms of the mortgagee policy, and the conclusions of law based on that finding are correct.

We overrule points of error one and two.

### 3. Waiver

█ In points of error three through eight, Daca, Inc. argues that the trial court erred in rendering judgment for Commonwealth upon all findings of fact and conclusions of law relating to "noncoverage" under the title policy. Daca, Inc. argues that Commonwealth waived any question regarding coverage by undertaking to defend the first suit. We disagree.

█ Waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended. *Minnesota Mut. Life Ins. Co. v. Morse*, 487 S.W.2d 317, 320 (Tex.1972). In addition, the duty to defend is contractual, and if there is no contract to defend, there is no duty to defend. *Westchester Fire Ins. Co. v. Rhoades*, 405 S.W.2d 812, 815–16 (Tex. App.—Austin 1966, writ ref'd n.r.e.). The insurer's liability is determined by the terms of the policy. *Fruhman v. Nawcas Benevolent Auxiliary*, 436 S.W.2d 912, 916 (Tex.App.—Dallas 1969, writ ref'd n.r.e.).

Here, the trial court's findings of fact are supported by the evidence. The first suit was an action for fraud, and Commonwealth did not waive this issue by filing an answer.

We overrule points of error three through eight.

### 4. Other points of error

Because our resolution of these points of error is dispositive of the appeal, it is unnecessary for us to discuss Daca, Inc.'s remaining points of error. TEX.R.APP.P. 90(a).