**Susie B. THURSTON, Appellant,**

v.

**GREEN TREE ACCEPTANCE OF TEXAS, INC., et al., Appellee.**

No. 12–90–00118–CV.

Court of Appeals of Texas, Tyler.

April 28, 1993.

Rehearing Denied May 28, 1993.

---

Richard L. Stone, Jacksonville, for appellant.

Richard A. McKinney, Dallas, Robert Scogin, Kermit, Don D. Bush, Dallas, Vernon O. Teofan, Dallas, for appellee.

BILL BASS, Justice.

This appeal is from a summary judgment granted in favor of the three defendants in the action below. We reverse in part the trial court's judgment and remand for further proceedings, and we affirm in part.

The Appellant, Susie Thurston, purchased a mobile home that was financed by Green Tree Acceptance of Texas, Inc., and was manufactured by Magnahome, Inc. Thurston sued the Appellees (Green Tree and Magnahome, along with the alleged retailer, Key Homes, Inc.) on several different theories of recovery, including breach of warranty, misrepresentation, and deceptive trade practices. According to her original petition, Thurston discovered, soon after the mobile home was set up on her property, numerous defects in the home that were not known to her at the time of the purchase. The defects, it was alleged, were known to the retailer and the manufacturer.

Once Thurston notified the manufacturer and retailer of the defects, the retailer or manufacturer made apparent attempts to correct the problems on at least five different occasions within a four month period. The problems, however, persisted. The Texas Department of Labor & Standards, pursuant to the Texas Manufactured Housing Standards Act, TEX.REV.CIV.STAT.ANN. art. 5221f (Vernon Supp.1987) (hereinafter, "Manufactured Housing Act"), inspected Thurston's mobile home and issued a report detailing the required repairs. Following the initial inspection, either the retailer or manufacturer made three additional attempts to repair the mobile home. Two more Texas Department of Labor & Standards inspections were performed. The second inspection report detailed problems in which earlier repair attempts were made. The third inspection, almost three years after Thurston purchased the mobile home, revealed numerous problems, many of

which, again, were thought to have been corrected on previous service calls.

After eight attempts by the retailer or manufacturer to repair her mobile home, Thurston came to her own conclusion that the mobile home was not repairable, and, on this basis, demanded that the retailer and manufacturer rescind the purchase contract. At approximately the same time, Thurston refused Magnahome the opportunity to make any further attempts to correct the ongoing problems. Thereafter, Thurston brought her action against Green Tree Acceptance of Texas, Inc., Magnahome, Inc., and Key Homes, Inc. asking for, among other remedies, rescission of the original contract.

Green Tree Acceptance and Magnahome filed separate motions for summary judgment, both on the grounds that Thurston's cause of action was barred under the Manufactured Housing Act, which states, in pertinent part:

A consumer's refusal to allow the manufacturer, installer, or retailer to perform warranty service pursuant to the inspection report, determinations, or orders of the commissioner is a bar to any cause of action relating to alleged failure to comply with any written or implied warranties or perform warranty service.

TEX.CIV.STAT.ANN. art. 5221f, § 17(c) (Vernon Supp.1987) (hereinafter, "penalties provision"). Key Homes, Inc., on the other hand, moved for summary judgment on grounds that Key Homes, Inc., was not the retailer as alleged by Thurston because the corporation did not exist at the time of the transaction. Thurston did not file any responsive pleadings to the motions. Thereafter, the trial court granted each defendant's motion for summary judgment, from which Thurston now appeals.

■ Thurston argues that the trial court erred in granting the Appellees' motion for summary judgment because she alleged in her original petition causes of action not barred by the penalties provision of the Manufactured Housing Act. The summary judgment movant has the burden to establish that there exists no genuine issue of material fact, thereby entitling him

to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). In order to be entitled to a summary judgment, the defendant must conclusively disprove, as a matter of law, at least one element of the plaintiff's cause of action. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex. 1975). Of course, the defendant may instead move for a summary judgment on the basis of an affirmative defense. When he chooses to seek judgment on an affirmative defense, the defendant must prove conclusively all the essential elements of the defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

■ Green Tree Acceptance, Inc., and Magnahome, Inc. moved for a summary judgment on the basis of an affirmative defense under the Manufactured Housing Act. They necessarily had the burden to prove all the essential elements of that defense, that 1) Thurston refused to allow warranty service; 2) pursuant to a Texas Department of Labor & Standards inspection report; and 3) Thurston's cause of action relates to the defendants' alleged failure to comply with written or implied warranties or failure to perform warranty service.

Thurston did not dispute the factual assertions made by the defendants that she refused to allow the retailer and/or manufacturer to perform warranty service on her mobile home required by a Texas Department of Labor & Standards inspection report. Thurston does challenge whether Green Tree and Magnahome conclusively established that her causes of action were barred by the penalties provision of the Manufactured Housing Act.

■ While we realize that Thurston's pleadings do not constitute summary judgment evidence, we must nevertheless analyze the Appellees' motion for summary judgment and supporting evidence in light of Thurston's pleadings to ensure that the motion effectively defeats every cause of action raised in the petition. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983). In her original petition, Thurston alleged the following ac-

tionable conduct: (1) misrepresentation (DTPA Section 17.46(b)(7)); (2) failure to disclose information known at the time of the transaction (DTPA Section 17.46(b)(23)); (3) breach of express warranty; (4) breach of implied warranty; (5) unconscionable acts under the DTPA; (6) breach of implied warranty of fitness; and (7) breach of implied warranty of merchantability. Furthermore, Thurston sought the alternative remedies of contract damages or contract rescission and restitution.

In order to determine whether Section 17(c) of the Manufactured Housing Act operates to bar all of Thurston's causes of action alleged in her petition, we must consider the meaning of the language in the Act's penalties provision, which provides for a bar "to any cause of action relating to alleged failure to comply with any written or implied warranties or perform warranty service." Section 14 of the Manufactured Housing Act requires each manufacturer of a manufactured home to

> warrant that each new HUD-code manufactured home is constructed or assembled in accordance with all building codes, standards, requirements, and regulations prescribed by the U.S. Department of Housing and Urban Development pursuant to the provisions of the National Manufactured Home Construction and Safety Standards Act of 1974. The manufacturer shall further warrant that the manufactured home and all appliances and equipment included in the home are free from defects in materials or workmanship.

TEX.CIV.STAT.ANN. art. 5221f, § 14(a) (Vernon Supp.1987). Likewise, the retailer is required to provide the consumer a written warranty relating to the installation of the manufactured home. *See* TEX.CIV.STAT. ANN. art. 5221f, § 14(d) (Vernon Supp. 1987). Other provisions within the Manufactured Housing Act refer to the two warranties provided to the consumer, in addition to implied warranties. Section 14 provides for certain procedures and remedies for a consumer to follow whenever a manufacturer or retailer fails to provide proper warranty service. The "warranties" addressed within the Act can be condensed to: 1) the manufacturer's warranty; 2) the retailer's warranty, and 3) implied warranties. If a consumer refuses to allow a manufacturer or a retailer to perform warranty service, then the penalties provision states that a cause of action relating to a breach of any of the three warranties is barred. The penalties provision cannot honestly be read to bar every cause of action against a manufacturer or retailer of manufactured homes that may arise out of a discovered defect in the manufactured home.

Green Tree and Magnahome's own summary judgment evidence shows that Thurston gave the retailer or manufacturer at least eight opportunities to correct the problems with her mobile home. After the second inspection report detailed the same problems that the first inspection had revealed, Thurston indicated an unwillingness to allow any further opportunities to correct the defects. One must ask how many times a consumer, under the Manufactured Housing Act, must allow a mobile home retailer or manufacturer to try to correct ongoing defects. It would frustrate the purpose to the Act, "to provide for the full protection of the consumer ... and to provide fair and effective consumer remedies" if a buyer was required to allow repair attempts *ad infinitum* without the ability to eventually bring an action against the retailer or manufacturer. *See* TEX.CIV. STAT.ANN. art. 5221f, § 2 (Vernon 1987). The Appellees' own summary judgment proof shows that Thurston *did* "allow the manufacturer, installer, or retailer to perform warranty service pursuant to the inspection report." Accordingly, the Appellees failed to establish as a matter of law that Thurston is barred from asserting a warranty-related cause of action against the Appellees.

Furthermore, the Appellees' summary judgment evidence failed to establish as a matter of law a defense to Thurston's other causes of action, or to conclusively disprove, as a matter of law, at least one element of her other causes of action. In addition to allegations that the defendants

breached certain warranties, Thurston also alleged that the defendants failed to disclose facts known to the defendants at the time of the transaction, and that their conduct amounted to an unconscionable act under the DTPA. We are unwilling to conclude, as the Appellees argue, that Thurston's causes of action against them all relate to the alleged failure to comply with written or implied warranties or perform warranty service. As to Appellees Green Tree Acceptance of Texas, Inc. and Magnahome, Inc., we sustain Thurston's first point of error.

■■■ Appellee Key Homes, Inc., filed its motion for summary judgment on the basis that it was not the retailer, as alleged by Thurston. In its motion, Key Homes, Inc. proved by uncontroverted evidence that the State issued its articles of incorporation after Thurston purchased her mobile home. Key Homes, Inc., has established as a matter of law that it did not exist at the time of Thurston's transaction and, therefore, Thurston sued the wrong party when it named Key Homes, Inc., as a defendant. *See Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex.1984); *Thomas v. Cactus Drilling Corp.*, 405 S.W.2d 214, 215 (Tex.Civ.App.—Austin 1966, no writ). We overrule Thurston's point of error one as to Key Homes, Inc.

Thurston's remaining point of error challenges the constitutionality of the penalties provision of the Texas Manufactured Housing Standards Act. Since we concluded that the penalties provision does not bar Thurston's causes of action, we need not address the merits of her argument. Furthermore, as to Key Homes, Inc., the point of error is not applicable since the trial court did not grant summary judgment in favor of Key Homes, Inc. on the basis of the Texas Manufactured Housing Standards Act.

Having found that the trial court erred in granting the motions for summary judgment of Appellee Green Tree Acceptance of Texas, Inc. and Magnahome, Inc., we reverse the judgment of the trial court and remand for further proceedings. We affirm the trial court's judgment dismissing Thurston's action against Key Homes, Inc.

RAMEY, C.J., not participating.