*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-09-00047-CV

Miguel A. **LOZANO**, Jr.,
Appellant

v.

**BROUSSARD INTERNATIONAL** a/k/a Bret Broussard, Inc. d/b/a Broussard Group,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-04481
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 7, 2009

AFFIRMED

In this premises liability case, Appellant Mike Lozano appeals the trial court's granting of Appellee Broussard Group's[1] motion for summary judgment based on a limitations defense. Lozano filed his original petition before the two-year statute of limitations expired, but named the wrong defendant.  Because Lozano failed to serve the correct defendant within the limitations

---

[1] Lozano initially named Broussard International as the defendant but later amended his petition to name Broussard Group.  We refer to the appellee Bret Broussard, Inc. by its assumed name Broussard Group.

period, and no doctrine relates his untimely service back to his filing date, we affirm the judgment of the trial court.

## BACKGROUND

On March 20, 2006, Lozano was injured when he tripped and fell on the upturned edge of a masonite sheet. The Broussard Group workers, who were moving furniture into a new office building, had placed the masonite sheet on the floor to protect the flooring. Lozano saw the workers' truck and remembered the company name as "Broussard International." On March 19, 2008, Lozano filed his original petition naming Broussard International as the defendant. Lozano served his original petition by certified mail, return receipt requested on Paul L. Broussard and Associates, in Houston, Texas, an entity entirely unrelated to the correct defendant. On June 25, 2008, Lozano served the correct defendant, Bret Broussard, Inc. d/b/a Broussard Group. In November 2008, Broussard Group moved for summary judgment asserting a limitations defense. The trial court granted Broussard Group's motion and Lozano appeals.

## STANDARD OF REVIEW

A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). An appellate court reviews a trial court's granting of a traditional motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We accept the nonmovant's evidence as true and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe*, 145 S.W.3d at 157; *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant "moving for summary judgment

on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action." *Rubio*, 185 S.W.3d at 846.

## STATUTE OF LIMITATIONS

The statute of limitations for a premises liability suit is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002); *Pirtle v. Kahn*, 177 S.W.3d 567, 570–71 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Generally, if the plaintiff fails to bring the suit within the statutory period, the plaintiff's suit is barred by limitations. *See Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999); *Gambrinus Co. v. Galveston Beverage, Ltd.*, 264 S.W.3d 283, 291 (Tex. App.—San Antonio 2008, pet. denied). However, where the plaintiff timely files suit, but does not serve the defendant within the limitations period, "[i]f service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)).

## SUING INTENDED DEFENDANT

### A. Assumed Name

The Texas Civil Rules allow a plaintiff to bring a suit using the defendant's assumed name. TEX. R. CIV. P. 28 ("Any . . . private corporation[] or individual doing business under an assumed name may sue or be sued in its . . . assumed or common name . . . ."). Under Rule 28, "[t]he proper party *is* sued when that party is sued in its assumed or common name." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999) (emphasis added). Rule 28 is not a tolling rule like the common-law doctrines of misnomer and misidentification. *Id.* at 828, 830. Neither misnomer nor misidentification "'operate[] to the exclusion of Rule 28 when there are facts that

call Rule 28 into play.'" *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 51–52 (Tex. 2003) (quoting *Chilkewitz*, 22 S.W.3d at 828).

## B. Misnomer

"Misnomer arises when a plaintiff sues the correct entity but misnames it." *Chilkewitz*, 22 S.W.3d at 828; *accord Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). If the plaintiff "merely misnames the *correct* defendant (misnomer), limitations is tolled and a subsequent amendment of the *petition* relates back to the date of the original petition." *Enserch*, 794 S.W.2d at 4–5 (emphasis added); *accord Riston v. Doe*, 161 S.W.3d 525, 528 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

## C. Misidentification

"[A] misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz*, 22 S.W.3d at 828; *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam). Misidentification alone does not toll the statute of limitations. *Enserch*, 794 S.W.2d at 5; *accord Bass*, 133 S.W.3d at 274. The statute of limitations may be tolled to allow the plaintiff, after limitations have run, to amend his petition to name the proper defendant if: (1) the plaintiff named the wrong party but sued a related entity "that use[s] a similar trade name and [(2)] the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Bass*, 133 S.W.3d at 274 (citing *Chilkewitz*, 22 S.W.3d at 830). But where corporations A and B have "no business connection or relationship between [them]," the plaintiff's filing suit against A will not toll the running of the statute of limitations against B. *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984); *Sanchez v. Great W. Fin. Bank*, No. 01-96-00213-CV, 1996 WL 711265, at *2 (Tex. App.—Houston [1st Dist.] Dec. 12,

1996, no writ) (not designated for publication). Further, in misidentification cases, the plaintiff's diligence in effecting service is not relevant "because the plaintiff has brought suit within the limitations period, but has named the wrong party." *Brinker Tex., L.P. v. Looney*, 135 S.W.3d 280, 285 (Tex. App.—Fort Worth 2004, no pet.) (emphasis added); *accord Hernandez v. Furr's Supermarkets, Inc.*, 924 S.W.2d 193, 197 (Tex. App.—El Paso 1996) ("The plaintiff's diligence is not a determining factor in [misidentification] cases, as plaintiff has brought suit *within the limitations period*, but has simply named the wrong party."), *disapproved of on other grounds by Chilkewitz*, 22 S.W.3d at 830; *see Enserch*, 794 S.W.2d at 5.

**STATUTE OF LIMITATIONS DEFENSE**

In this case, the following facts are not disputed:

- Lozano fell on March 20, 2006
- Lozano filed his original petition within the limitations period on March 19, 2008
- Lozano's original petition named Broussard International as the defendant
- Bret Broussard, Inc. d/b/a Broussard Group is the correct defendant
- Lozano served Broussard Group on June 25, 2008

Despite Lozano's failure to serve Broussard Group within the limitations period, Lozano asserts three independent reasons why his service on Broussard Group can be considered timely: (1) diligence, (2) misnomer, and (3) misidentification.

**A. Diligence After Suit in Assumed or Common Name**

Lozano first argues that his service on Broussard Group relates back to the date he filed his original petition because: (1) Lozano sued the correct defendant using its common name, and (2) Lozano was diligent in effecting service. *See* TEX. R. CIV. P. 28; *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). To show Broussard International is Broussard Group's common name, Lozano offers photographs of Broussard Group's trucks and excerpts from Broussard Group's web site. The truck photographs show various views of a single rear-axle box van. Relying on a photograph of the cab door, Lozano emphasizes the word "International," which Broussard

Group asserts is the vehicle's brand name, a few inches below the window on the cab door. The rest of the photograph shows the several times larger Broussard Group logo, name, tagline, address, and telephone number centered vertically and horizontally on the cab door. The other photographs show Broussard Group's logo, name, and tagline on the front (above the cab) and both sides of the cargo box, but "International" does not appear on any of these three surfaces. From Broussard Group's web pages, Lozano points to "international" in the phrases "helping San Antonio companies with their local, national, and international furniture . . . needs," "Knoll [a furniture manufacturer] is recognized internationally," "Kimball International answered the call for mid-priced office furniture," and other similar examples. Even resolving doubts in Lozano's favor, the summary judgment evidence fails to raise a genuine issue of material fact that Broussard International is an assumed or common name for Broussard Group. *See Joe*, 145 S.W.3d at 157.

Citing *Proulx*, Lozano asserts he was diligent in securing service on Broussard Group so that this service, after limitations had run, should relate back to the date of filing. Lozano misapplies *Proulx*; there the plaintiff named the *correct* defendant and timely filed suit, but did not serve the defendant until eight months after limitations had run. *See Proulx*, 235 S.W.3d at 214. Here, Lozano filed suit before limitations had run, but failed to use the correct defendant's name, or its assumed or common name. *See* TEX. R. CIV. P. 28; *Chilkewitz*, 22 S.W.3d at 830. Because Lozano failed to raise a genuine issue of material fact that Broussard International is an assumed or common name for Broussard Group, Lozano cannot use *Proulx*'s diligence provision to relate his date of service on Broussard Group back to his filing date. *See Proulx*, 235 S.W.3d at 214.

**B. Misnomer**

Lozano also argues that the equitable doctrine of misnomer tolls limitations. In a misnomer case, the plaintiff timely files and timely serves the correct defendant, but merely misstates the defendant's name in his original petition. *See Chilkewitz*, 22 S.W.3d at 828; *Enserch*, 794 S.W.2d at 4–5. Had Lozano, before limitations expired, filed his petition and served Broussard Group with a petition naming Broussard International, misnomer could toll limitations to allow Lozano to file an amended petition after limitations expired that would relate his petition back to his filing date. Instead, Lozano named the wrong defendant, but did not timely serve the correct defendant, Broussard Group. Thus, misnomer does not apply and cannot relate Lozano's service on Broussard Group back to Lozano's filing date. *See Chilkewitz*, 22 S.W.3d at 828; *Enserch*, 794 S.W.2d at 4–5.

**C. Misidentification**

Finally, Lozano argues misidentification should toll limitations. *See Bass*, 133 S.W.3d at 274. In his original petition, Lozano named Broussard International as the defendant. But the summary judgment evidence does not raise a genuine issue of material fact that Broussard Group has a business connection or relationship with Broussard International or that Broussard Group had notice of Lozano's suit within the limitations period. *See Bass*, 133 S.W.3d at 274; *Chilkewitz*, 22 S.W.3d at 830; *Matthews Trucking*, 682 S.W.2d at 239. Thus, Lozano cannot use misidentification's tolling exception—that allows a plaintiff to file an amended *petition*—to relate his untimely *service* on Broussard Group back to his timely filing date. *See Bass*, 133 S.W.3d at 274.

**CONCLUSION**

Appellant Mike Lozano asserts the trial court erred by granting Broussard Group's motion for summary judgment based on a limitations defense. But Lozano did not timely bring suit against Broussard Group in its assumed or common name, and is not eligible for equitable tolling of limitations under either misnomer or misidentification. We, therefore, affirm the judgment of the trial court.


Rebecca Simmons, Justice