BRINKER TEXAS, L.P., Appellant,

v.

Diane LOONEY, Appellee.

No. 2–02–299–CV.

Court of Appeals of Texas,
Fort Worth.

April 15, 2004.

Lehtola & Assocs., Patricia B. Lehtola, Dallas, for Appellant.

Wes Dauphinot, Arlington, for Diane Looney.

PANEL B: GARDNER, WALKER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

In this premises liability case, Appellant Brinker Texas, L.P. ("BTLP") appeals from the trial court's judgment in favor of Appellee Diane Looney. In one issue, BTLP challenges the court's finding that BTLP had knowledge and notice of the existing suit within two years and was not prejudiced by being named as an additional defendant after limitations had expired. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 1997, Looney was injured when she slipped and fell at a Chili's restaurant located at 6229 Sandshell Drive, Fort Worth, Texas. Looney filed suit against Brinker Chili's Texas, Inc. d/b/a Chili's Hamburger Grill & Bar a/k/a Chili's Grill & Bar ("BCTI"), Jody Hamblin, and Barbara Groom on May 17, 1999, alleging that the Defendants' negligence proximately caused the injuries of which she complained. Looney's petition states that BCTI's registered agent for service of process was The Prentice Hall Corporation Systems, located at 800 Brazos, Austin, Texas, 78701.

BCTI, Hamblin, and Groom filed their answer on June 4, 1999, consisting of a special exception, a general denial, and the affirmative defense of contributory negligence. Then, almost a year later and six months after the limitations period had run, on May 22, 2000, the three defendants filed an amended answer, which added the following verified denials: (1) BCTI, Ham-

blin, and Groom stated that they "are not liable in the capacity in which they have been sued," and (2) they denied that BCTI "does business as Chili's Hamburger Grill & Bar a/k/a Chili's Grill & Bar." *See* Tex.R. Civ. P. 93(2), (14).

On September 25, 2000, all three defendants filed a no-evidence motion for summary judgment, asserting among other things, that each of the three defendants was sued in his, her, or its individual capacity and that there was no evidence that any of the three defendants, "in the capacity in which he, she, or it had been served, owns or operates the Chili's" at issue. In support of their position, the defendants attached to the motion for summary judgment their responses to Looney's request for disclosure. BCTI responded that while it had been sued in its proper name, it "is not a proper party to this suit." BCTI instead stated, "Brinker Texas L.P., a Texas limited partnership, is the owner and operator of the Chili's Restaurant located at 6229 Sand Shell Drive, Fort Worth, Texas, 76137 and is the proper party with respect to allegations relating to the ownership or operation of that restaurant."

Looney responded to the motion for summary judgment, arguing in part, that summary judgment should be denied because BCTI is the general partner of BTLP, which owned and operated the restaurant where she fell. Looney non-suited the two individual defendants on October 18, 2000. On October 20, 2000, the trial court granted the motion for summary judgment as to BCTI.

Looney filed a motion for new trial on November 13, 2000 on the basis that the judgment was against the great weight and preponderance of the evidence, and the trial court granted her motion on January 17, 2001. On April 9, 2001, Looney filed her third amended petition, in which she named the defendants as "Brinker Chili's Texas, Inc. d/b/a Chili's Hamburger Grill & Bar a/k/a Chili's Grill & Bar, in its capacity as the general partner of Brinker Texas, L.P., the entity that owns and/or operates the premises where Plaintiff's injury occurred, and Brinker Texas, L.P." Looney's third amended petition states that BTLP's registered agent for service of process was The Corporation Services Co., located at 800 Brazos, Austin, Texas, 78701.

BTLP answered and asserted as an affirmative defense that Looney's claims were barred by limitations. The case was tried to the court on December 3, 2001. BTLP moved for a directed verdict at the conclusion of Looney's case on the bases that the two year statute of limitations barred her claims against BTLP and that Looney had failed to plead or introduce any evidence that would permit a tolling of the limitations period. The trial court denied BTLP's motion and proceeded to consider other evidence and each side's closing arguments.

During trial, Looney offered the deposition testimony of Sue McGregor, who was BCTI's corporate representative. McGregor testified that Brinker International is a holding company for the limited partnership operating Chili's restaurants in Texas and under which BCTI and BTLP are subsidiaries. McGregor agreed that BTLP is the limited partnership that owns or operates the Chili's restaurant at 6229 Sandshell Drive. McGregor also stated that BCTI is the general partner of BTLP. Further, McGregor testified that BCTI and BTLP share the same corporate headquarters at 6820 LBJ Freeway, Dallas, Texas and that BCTI supplies the slip and fall policies for "all the subs, all these general partners, [and] L.P.s."

Looney questioned McGregor about BCTI's policies regarding accidents and

claims resulting from such accidents. McGregor testified that if a guest slipped and fell, after tending to the guest:

> [w]e would ask the managers to determine if anyone nearby saw what happened whether it was an employee or other guests, and we ask the manager to obtain their name and number and ask if they saw anything. If they saw anything, then certainly we would have them forward that to the insurance company as part of the claim.

Additionally, McGregor testified that Brinker International employs a risk management department that is involved with all the slip and fall policies—as it helps draft the policies ˙on slip and fall accidents—and that the department handles the investigation of all claims. McGregor further testified that in 1997, "the risk management department had a liability claims unit ... [that] worked on-site." According to McGregor, the risk management department office is located "[i]n Dallas, Brinker International, Inc.," which is also located at the same Dallas address McGregor gave for both BCTI and BTLP.

The reporter's record reflects that BCTI and BTLP both appeared and participated fully in the trial through separate counsel.[1] BCTI and BTLP were able to develop fully a defense through the testimony of all relevant witnesses to the accident, including Looney; the assistant manager who investigated Looney's accident, prepared the incident report, and spoke with Brinker International's risk management department; three Chili's patrons, who were located near Looney at the time of her fall and who were interviewed shortly after the

accident; the Chili's bartender, who saw Looney on the floor and reported the accident to the manager; BCTI's corporate representative McGregor; and the doctors who provided medical care to Looney. The record also indicates that, throughout the trial, a litigation manager from the risk management department sat at defense counsel's table, where both BCTI's and BTLP's counsel sat.[2]

Following the presentation of all of the evidence at trial, the court ruled for Looney and signed a judgment in her favor, ordering that she have and recover $32,046.39 plus costs and interest from BTLP. Upon the request of BTLP, the trial court made findings of fact and conclusions of law, which included the following:

> 3. [BTLP] had notice of this suit within the two year limitations period and was not prejudiced in any way by the Plaintiff's failure to bring them in this suit within the two year period of limitations.

After BTLP's motion for new trial was overruled by operation of law, BTLP filed its notice of appeal raising one issue.

## II. ISSUE

In this appeal, BTLP contends that this is a misidentification case, in which Looney mistakenly sued the general partner rather than the limited partnership. BTLP's sole issue on appeal is that the trial court erred in entering judgment against BTLP as there were neither pleadings nor legally sufficient evidence that BTLP had notice of the suit and was not prejudiced by Looney's failure to sue it within the two

---

1. Despite BCTI's and BTLP's separate representation, during their opening statements, not only did BTLP's counsel state that Looney's claims were barred by limitations, but *BCTI's* counsel also mentioned that Looney's claims against *BTLP* were not brought within the limitations period.

2. BTLP's counsel informed the trial court that the manager was not a corporate representative of either entity and was not going to offer any testimony.

year limitations period, so as to support equitable tolling of limitations. Looney responds that service on the general partner authorized judgment on the partnership and that, in any event, notice should be imputed to BTLP, the limited partnership, thereby tolling the statute of limitations, because she filed the suit against the general partner within the two year statute of limitations.

### III. STANDARD OF REVIEW

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994).[3]

In determining a "no-evidence" issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001); *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cazarez,* 937 S.W.2d at 450; *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differ-

ing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.,* 77 S.W.3d 253, 262 (Tex.2002).

### IV. ANALYSIS

Looney's claims for personal injury are governed by the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002); *Diamond v. Eighth Ave. 92, L.C.,* 105 S.W.3d 691, 695 (Tex.App.-Fort Worth 2003, no pet.). Looney sued BCTI before the expiration of the limitations period. BCTI filed an answer, but waited six months after limitations had run, to amend its answer to deny the capacity in which it was sued and that it "does business as Chili's Hamburger Grill & Bar a/k/a Chili's Grill & Bar." *See* TEX.R. CIV. P. 93(2), (14). Looney then amended her petition in two respects: (1) to describe specifically that she was suing BCTI in its capacity as the general partner of BTLP, and (2) to name BTLP, the limited partnership itself, as a defendant to her suit.

 As to whether the defense of limitations is governed by the law of misidentification, the general purpose of a statute of limitations is "to compel the exercise of a right [of action] within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Cont'l S. Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975); *Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex.1975). A misnomer occurs when the plaintiff misnames either himself or the

**3.** Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *Forbis v. Trinity Universal Ins. Co.,* 833 S.W.2d 316, 319 (Tex.App.-Fort Worth 1992, writ dism'd). The trial court designated the challenged finding as a conclu-

sion of law but also found that any conclusion of law deemed to be a finding of fact "is hereby adopted as a finding of fact." Because Appellant challenged the legal sufficiency of evidence, we will treat the conclusion as a finding of fact.

correct defendant, but the correct parties are actually served. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990); *Diamond*, 105 S.W.3d at 691. In such a case, a later amendment of the petition relates back to the date of the original petition, as has been reasoned "primarily because the party intended to be sued has been served and put on notice that it is the intended defendant." *Diamond*, 105 S.W.3d at 691 (citations omitted).

■ On the other hand, misidentification occurs when two separate but related legal entities use similar names and the plaintiff sues the wrong one because he or she is mistaken about which entity is the correct defendant. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex.1999); *Enserch*, 794 S.W.2d at 4–5; *Diamond*, 105 S.W.3d at 691. In misidentification cases, the amended petition may still relate back to the original suit-if the proper defendant had "notice of the suit and was not misled or disadvantaged by the mistake." *Chilkewitz*, 22 S.W.3d at 828; *Hilland*, 528 S.W.2d at 831.

■ The plaintiff's diligence is not a determining factor in misidentification cases because the plaintiff has brought suit within the limitations period, but has named the wrong party. *Hernandez v. Furr's Supermarkets, Inc.*, 924 S.W.2d 193, 197 (Tex.App.-El Paso 1996, writ denied), *disapproved in part on other grounds by Chilkewitz*, 22 S.W.3d at 830; *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex.App.-Austin 1987, writ ref'd n.r.e.). "Rather, the emphasis lies on equitable application of limitations rules." *Hernandez*, 924 S.W.2d at 197. As noted by the Dallas Court of Appeals, "A strict application of statutes of limitations can lead to inequitable results when a party is allowed to 'lay behind the log' by filing a general denial, then wait until the statute runs before disclaiming responsibility and pointing a finger at a related entity that is actually responsible." *Craft v. Prestige Furniture, Inc.*, No. 05–98–00380–CV, 2000 WL 566877, at *3 (Tex.App.-Dallas Apr.26, 2000, no pet.) (not designated for publication).[4]

BTLP argues that while Looney brought suit within the limitations period against BCTI, BCTI did not own, manage, or exert any control over the Chili's restaurant where Looney fell. Instead, BTLP maintains that it owned the restaurant and that BTLP is a separate and distinct legal entity from BCTI. Accordingly, BTLP argues that this is a misidentification case and that once it raised a statute of limitations defense, Looney bore the burden of pleading and proving the applicability of the equitable tolling provision. *See Toro v. First City Bank–Westheimer Plaza, N.A.*, 821 S.W.2d 633, 636 (Tex. App.-Houston [1st Dist.] 1991, writ denied) (holding verdict on limitations defense was proper because plaintiff did not plead or prove the facts he asserted in avoidance of the defense).

This case involves both concepts of misnomer and misidentification. We agree, however, that this is a misidentification case with respect to BTLP, but we do not believe that the statute of limitations barred Looney's suit. As we stated above, Looney amended her petition in two ways-first, to designate the capacity in which BCTI was being sued and second, to join BTLP. *See* Tex.Rev.Civ. Stat. Ann. art. 6132b–2.01 (Vernon Supp.2004) ("A partnership is an entity distinct from its part-

---

**4.** *See* Tex.R.App. P. 47.7 (providing that unpublished cases may be cited, although they have no precedential value).

ners."). We will address each amendment in turn.

■ Filing an amended petition after the expiration of the period of limitations, changing the allegations as to the capacity in which a defendant was sued, does not commence a new suit for the purposes of applying a statute of limitations and thus relates back to the commencement of the suit. *See Hallaway v. Thompson,* 148 Tex. 471, 478–79, 226 S.W.2d 816, 820–21 (1950) (op. on reh'g); *O'Quinn v. Scott,* 251 S.W.2d 168, 172 (Tex.Civ.App.-Waco 1952, writ ref'd); *see also Craft,* 2000 WL 566877, at *2; 1 WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 12.02[4] (2003) (stating that amended pleading correcting error consisting of misnomer, such as misstating the party's capacity relates back to the original filing and tolls the statute of limitations); 2 ROY W. MCDONALD & ELAINE G. CARLSON, TEXAS CIVIL PRACTICE § 10:19[b], at 808–09 (2d ed.2003) (same); 50 TEX. JUR.3D *Limitation of Actions* § 146 (2000) (same). Accordingly, we hold that the portion of Looney's amended petition clarifying that BCTI was being sued in its capacity as the general partner of BTLP relates back to her original petition. *Cf. Shawell v. Pend Oreille Oil & Gas Co.,* 823 S.W.2d 336, 338 (Tex.App.-Texarkana 1991, writ denied) (stating that because plaintiff's pleadings did not mention the partnership and did not allege that the defendant was being sued in its capacity as the general partner, judgment could not have been rendered in plaintiff's favor). Therefore, Looney's claims against BCTI, the general partner of BTLP, were timely filed.

Looney contends that, as a matter of law, BTLP as the limited partnership, had notice of the lawsuit filed against its general partner BCTI. In support of her position, Looney directs us to several statutes concerning the relationship between general partners and the limited partnerships to which they belong. The Texas Revised Limited Partnership Act ("TRLPA") states that "[e]ach general partner and the registered agent of a limited partnership are agents of the limited partnership on whom may be served any process, notice, or demand required or permitted by law to be served on the limited partnership." TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 1.08(a) (Vernon Supp.2004). As a general rule, under the Texas Revised Partnership Act ("TRPA"), notice to a partner of a fact relating to the partnership is effective immediately as notice to the partnership. TEX.REV.CIV. STAT. ANN. art. 6132b–1.02(e); *see also* TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 13.03(a) (stating that general partnership law, including TRPA, affects limited partnerships by providing supplemental law in areas not addressed by TRLPA).

■ Based on these statutes, we hold that, as a matter of law, notice of this suit and the facts giving rise to it is imputed to BTLP based on the suit being timely filed against the general partner BCTI. BTLP argues, however, that even if it had notice of the lawsuit, Looney failed to plead or prove that BTLP was not misled or disadvantaged by her pleading mistake. *See Toro,* 821 S.W.2d at 636; *Wright v. Gifford–Hill & Co.,* 736 S.W.2d 828, 834 (Tex. App.-Waco 1987, writ ref'd n.r.e.).

■ We need not address the prejudice element,[5] however, because "[c]itation

---

**5.** Even were we to address the prejudice element, from our careful examination of the record as detailed in the factual background above, we think that the record affirmatively reveals that BTLP was not prejudiced by Loo-

ney's failure to bring the limited partnership into the suit within the limitation period. BTLP had the benefit of a full investigation and development of the case by the lawyer for the general partner who had defended the

served on one member of a partnership authorizes a judgment *against the partnership* and the partner actually served." Tex. Civ. Prac. & Rem.Code Ann. § 17.022 (Vernon 1997) (emphasis added); *see Long v. Lopez,* 115 S.W.3d 221, 227 n. 5 (Tex.App.-Fort Worth 2003, no pet.); *Graham Hotel Corp. v. Leader,* 241 S.W. 700, 701 (Tex. Civ.App.-Fort Worth 1922, no writ). Because BTLP's general partner BCTI was properly and timely served before limitations ran, the trial court was authorized to sign a judgment against the limited partnership BTLP. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.022. We hold that the trial court did not err in concluding that Looney's suit against BTLP was not time-barred. Accordingly, we overrule BTLP's sole issue.

## V. Conclusion

Having overruled BTLP's sole issue, we affirm the trial court's judgment.

case from the time of its initial filing, as well as the benefit of the investigation and adjusting services of the risk management department, and it participated fully at trial. Not only was BTLP clearly on notice of the claim from the time of its occurrence, but it was not prejudiced by being named as a defendant after limitations ran.