Opinion issued August 18, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00147-CV




CONNIE PIRTLE, Appellant

V.

ZAFAR I. KAHN, NEWPORT ASSET MANAGEMENT, INC., E.H.
APARTMENTS, A TEXAS LIMITED PARTNERSHIP, SKYLINE
HOLDINGS, INC., AND EAGLE HOLLOW APARTMENTS A/K/A E.H.
APARTMENTS, GREYSTAR MANAGEMENT SERVICES, L.P. D/B/A
GREYSTONE MANAGEMENT SERVICES D/B/A/ EAGLE HOLLOW
APARTMENTS AND GREYSTONE HOLDINGS, INC., Appellees




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2002-36565





O P I N I O N

          Appellant, Connie Pirtle, brought suit against appellees, Zafar I. Khan,
Newport Asset Management, Inc., E.H. Apartments, a Texas Limited Partnership,
Skyline Holdings, Inc., and Eagle Hollow Apartments a/k/a E.H. Apartments,
Greystar Management Services, L.P. d/b/a Greystone Management Services d/b/a
Eagle Hollow Apartments and Greystone Holdings, Inc. for negligence, premises
liability, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA).


 
In one point of error, appellant contends that the trial court erred in granting
appellees’ motion for summary judgment.
          We affirm in part and reverse in part.
Background
          On September 27, 1994, appellant signed a lease agreement to rent an
apartment at Eagle Hollow Apartments (Eagle Hollow) from appellees. Appellant
became sick shortly after moving into Eagle Hollow. She visited a number of
physicians over the years who diagnosed her with a host of aliments. These
included a diagnosis of Epstein-Barr virus in December 1994 or 1995 and a diagnosis
of fibromyalgia in 1996.
          In July 1999, appellant noticed a leak in the ceiling of her apartment and found
mold. She stated in her deposition that she had a “major revelation” when she found
the mold and that “I was delighted to have found a leak because I believed that was
why—that made sense to me that my health had been absolutely deteriorating since
the moment I moved in there.” Appellant contacted the management at Eagle
Hollow. Management sent a repairman who cleaned the air conditioning unit, sealed
the mold, and painted the wall where the mold had been. On July 11, 2000, appellant
wrote Eagle Hollow management and stated, “My doctors, who are giving me IVs
every Tuesday and Thursday of intensive care combatants for immune deficiency
disease, tell me that my home environment is my health problem.” 
          On July 11, 2002, appellant filed this suit, alleging negligence, premises
liability, fraud, and DTPA violations. Appellees filed a traditional motion for
summary judgment alleging that appellant’s causes of action were barred by the
applicable statutes of limitations. See Tex. R. Civ. P. 166a(c). 
          The trial court granted appellees’ motion for summary judgment, without
stating its reasons, and dismissed appellant’s causes of action. This appeal followed.
Standard of Review for Summary Judgment
          The standard of review for a traditional motion for summary judgment requires
the defendant who filed the summary judgment motion (1) to show that there is no
genuine issue of material fact as to at least one element of each of the plaintiff’s
causes of action or (2) to establish each element of the defendant’s affirmative
defense. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
We assume all the evidence favorable to the non-movant (appellant) is true, indulge
every reasonable inference in favor of the non-movant, and resolve any doubts in
favor of the non-movant. Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51
S.W.3d 573, 577 (Tex. 2001). When, as here, the trial court’s summary judgment
order does not specify the ground or grounds on which summary judgment is
rendered, we will affirm the summary judgment if any ground stated in the motion is
meritorious. Id. (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989)).Discussion
          In one point of error, appellant argues that the trial court erred in granting
appellees’ motion for summary judgment because appellees did not establish their
affirmative defense of limitations with respect to any of her claims.
          Applicable Limitations Periods
          Appellant alleged causes of action for negligence, premises liability, fraud, and
DTPA violations. Appellant’s negligence and premises liability causes of action are
both actions for personal injury governed by Texas Civil Practice and Remedies Code
section 16.003. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002);
Mellon Serv. Co. v. Touche Ross & Co., 17 S.W.3d 432, 435 n.1 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (applying section 16.003 to negligence
cause of action); Brinker v. Looney, 135 S.W.3d 280, 284 (Tex. App.—Fort Worth
2004, no pet.) (applying section 16.003 to premises liability).


 Section 16.003
provides that a person must bring a suit for personal injury within two years after the
cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. 
          The statute of limitations for appellant’s DTPA claim is provided by section
17.565 of the Texas Business and Commerce Code. See Tex. Bus. & Com. Code
Ann. § 17.565 (Vernon 2002). Like the negligence and premises liability claims
brought by appellant, DTPA claims must be brought within two years “after the
consumer discovered or in the exercise of reasonable diligence should have
discovered the occurrence of the false, misleading, or deceptive act or practice.” Id.;
J.M. Krupar Const., 95 S.W.3d at 329.
          Appellant’s fraud cause of action is governed by section 16.004 of the Texas
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §
16.004(a)(4) (Vernon 2002). Section 16.004(a)(4) provides that a suit for fraud must
be brought within four years after the day the cause of action accrues. Id.; see
Shannon v. Law-Yone, 950 S.W.2d 429, 433 (Tex. App.—Fort Worth 1997, pet.
denied).
 
          Proof of Affirmative Defense of Limitations
          A defendant is entitled to summary judgment on the affirmative defense of
limitations if, by presenting summary judgment evidence, he conclusively proves all
the elements of the affirmative defense as a matter of law. Pustejovsky v. Rapid-American Corp., 35 S.W.3d 643, 646 (Tex. 2000). This includes conclusively
proving when the cause of action accrued. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). A cause of action generally
accrues when an injury results from a wrongful act, regardless of when the plaintiff
learns of his injury. Childs v. Haussecker, 974 S.W.2d 31, 36 (Tex. 1998). However,
in those rare cases when the nature of the injury is inherently undiscoverable and
evidence of the injury is objectively verifiable, the courts have crafted the discovery
rule as an exception to the general accrual rule. Id. at 36–37. 
          The discovery rule is a limited exception to a statute of limitations and applies
only if the nature of the plaintiff’s injury is both inherently undiscoverable and
objectively verifiable. Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453,
455 (Tex. 1996). The discovery rule does not linger until a plaintiff learns of actual
causes and possible cures for his injuries. PPG Indus., Inc. v. JMB/Houston Ctr. Ltd.
P’ship., 146 S.W.3d 79, 93 (Tex. 2004). Rather, the cause of action accrues when the
plaintiff knows, or through the exercise of reasonable care and diligence should have
discovered, the nature of his injury and the likelihood that it was caused by the
wrongful acts of another. Childs, 974 S.W.2d at 40; see Wheeler v. Methodist Hosp.,
95 S.W.3d 628, 636 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Accordingly,
the discovery rule requires a plaintiff to seek information about his injuries and their
likely cause once he is apprised of facts that would make a reasonably diligent person
seek information. Childs, 974 S.W.2d at 47; see also Stewart Title Guar. Co. v.
Becker, 930 S.W.2d 748, 756 (Tex. App.—Corpus Christi 1996, writ denied) (holding
that because rule mandates reasonable diligence, tolling of limitations statute by
discovery rule ends when party claiming benefits of rule acquires knowledge of facts,
conditions, or circumstances that would cause reasonable person to make inquiry
leading to discovery of concealed cause of action); Bell v. Showa Denko K.K., 899
S.W.2d 749, 754 (Tex. App.—Amarillo 1995, writ. denied) (same). 
          When a plaintiff discovers or should have discovered the cause of his injury
and whether a particular plaintiff exercised due diligence in so discovering are
questions of fact. See Childs, 974 S.W.2d at 44; Wheeler, 95 S.W.3d at 637. 
However, if reasonable minds could not differ about the conclusion to be drawn from
the facts, the commencement of the limitations period may be determined as a matter
of law. Childs, 974 S.W.2d at 44. If the plaintiff pleads the discovery rule as an
exception to limitations, the defendant moving for summary judgment on limitations
has the burden of negating the exception. Pustejovsky, 35 S.W.3d at 646. The
plaintiff must adduce summary judgment evidence raising a fact issue in avoidance
of limitations. Id.; J.M. Krupar Constr. Co. v. Rosenberg, 95 S.W.3d 322, 330 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (stating that it is plaintiff’s burden to plead
and prove facts supporting discovery rule). The defendant must then negate the fact
issue. Childs, 974 S.W.2d at 36. The defendant may do so by (1) showing that the
discovery rule does not apply or (2) proving as a matter of law that there is no
genuine issue of material fact about when the plaintiff discovered, or in the exercise
of reasonable diligence should have discovered, the nature of his injury. Id.; Howard
v. Fiesta Tex. Show Park, Inc., 980 S.W.2d 716, 719 (Tex. App.—San Antonio 1998,
pet. denied) (citing Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990) and Woods
v. William M. Mercer, Inc., 769 S.W.2d 515, 518 n.2 (Tex. 1988)). 
          Application of Law to Facts
          Appellant contends that her injuries were latent and inherently undiscoverable
so that the discovery rule applies. She argues that the trial court erred in relying on
her deposition testimony that she found the leak and the mold on July 14, 1999, and
on her July 11, 2000 letter to Eagle Hollow management stating that her doctors had
told her “my home environment is my health problem,” to establish the accrual date
of her causes of action. She argues that in those documents she was expressing her
mere suspicion and subjective beliefs that her sickness was caused by the mold in her
apartment and that these, standing alone, are insufficient to establish the accrual date
of her causes of action as a matter of law; rather an “objective verification of a causal
connection” between her exposure to the mold and her symptoms is required. See
Childs, 974 S.W.2d at 42. Appellant contends she did not discover her causes of
action until sometime in 2002, when she received the results of environmental mold
tests and was diagnosed with mold-related illnesses.
           Appellees argue that, unlike asbestosis or AIDS, in which the nature of the
disease is initially undetectable and dormant, and in which no immediate injury
manifests itself to alert the potential plaintiff, appellant was sick immediately upon
moving into Eagle Hollow in 1994 and was promptly diagnosed with a number of
ailments. They contend that, therefore, appellant’s causes of action accrued in 1994. 
As summary judgment proof, appellees filed appellant’s interrogatories and
depositions showing that appellant stated that she became sick immediately upon
moving into Eagle Hollow in 1994. They argue that, applying the two-year statute
of limitations, appellant’s negligence, DTPA, and premises liability causes of action
expired in 1996. 
          Appellees also contend that their alleged false statements regarding the air
conditioning on the property and the suitability of the property for human habitation,
which appellant contends fraudulently induced her to sign the lease, were made prior
to appellant’s signing the lease in 1994. They argue that appellant’s fraud claims are
actually misrepresentation claims similar to her DTPA claims so that the two-year
limitations period applies to them as well.


 However, appellees argue that even if the
four-year statute of limitations for fraud applies, those claims expired in 1998, four
years after the alleged misrepresentations were made, because they were predicated
on representations that the apartment was suitable for habitation and sanitary and that
appellant became ill immediately after moving in, 
          Finally, appellees contend that, even if the discovery rule applies to any or all
of appellant’s claims, appellant’s causes of action accrued, at the latest, on July 14,
1999, when she found the leak and saw the mold. Appellees argue that appellant’s
petition, responses to interrogations, and deposition testimony demonstrate that
appellant was actually aware of the mold and concluded that the mold was the source
of her poor health on that date.  
          We agree with appellees that appellant’s illnesses do not constitute a latent
disease. However, as explained above, the discovery rule does not apply only to
latent occupation-related diseases. See Childs, 974 S.W.2d at 36–37; Computer
Assocs. Int’l, 918 S.W.2d at 455. Rather, discovery occurs when the plaintiff
discovers, or in the exercise of reasonable diligence should have discovered (1) the
nature of his injury and (2) the likelihood that it was caused by the wrongful acts of
another. See Childs, 974 S.W.2d at 40; Wheeler, 95 S.W.3d at 636. Thus, for the
cause of action to accrue, the plaintiff must have knowledge of facts that would cause
a reasonably prudent person to make an inquiry that would lead to discovery of the
concealed cause of action. See Wheeler, 95 S.W.3d at 636.
          Although appellant became sick in 1994, and was diagnosed with Epstein-Barr
virus in December 1994 or 1995 and with fibromyalgia in 1996, there is no evidence
in the summary judgment record of appellant’s knowledge of facts in 1994, 1995, or
1996 that would have put a reasonable person on notice that her illnesses were related
to exposure to a toxic substance in her living environment and that she should
investigate to find the cause. Regardless of any suspicion or beliefs appellant may
have had about the cause of her illnesses in 1994, however, and regardless of whether
she was put on notice at some earlier time of facts not in the record that would have
led a reasonably diligent person to investigate a causal connection between her
illnesses and her apartment, it is clear that appellant obtained facts sufficient to
require her to investigate a causal connection between the mold and her illnesses at
the latest, by July 14, 1999, when she found the leak in her apartment, saw the mold,
and immediately drew the inference that the mold caused her illnesses. She was then,
as a matter of law, on notice of “facts, conditions, or circumstances” that would cause
a reasonable person to make an inquiry that would lead to discovery of any concealed
causes of action. See Becker, 930 S.W.2d at 756; Bell, 899 S.W.2d at 754. Despite
such notice, appellant waited more than three years to confirm the causal connection
between the mold and her diseases and to bring suit.
          As a matter of law, we hold that appellant was on notice as of July 14, 1999,
of facts that would cause a reasonable person to make inquiries sufficient to discover
her causes of action. Because appellant did not file this lawsuit until nearly three
years after this date, her causes of action for negligence, premises liability, and
violations of the DTPA


 are barred by limitations. However, despite appellees’
contention that appellant’s fraud cause of action is subject to a two-year statute of
limitations, appellant pled the elements of common law fraud or fraudulent
inducement. Because fraud is subject to a four-year statute of limitations,


 and
because appellees failed to bear their summary judgment burden of establishing as a
matter of law that appellant’s cause of action for fraud accrued more than four years
before this suit was filed, we hold that the trial court erred in granting summary
judgment on limitations on appellant’s fraud claim.
          We overrule appellant’s sole issue with respect to her claims of negligence,
premises liability, and DTPA violations. We sustain appellant’s issue with respect
to her fraud claim.Conclusion
          We affirm the judgment of the trial court in part and reverse in part. We
remand the case to the trial court for further proceedings in accordance with this
opinion.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.