

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00074-CV

_____

FLORENCIA BENEVIDES, Appellant

V.

QQ DELIGHT, LLC D/B/A AUNTIE ANNE'S, Appellee

---

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 19-0003140-CV-272

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Justice van Cleef

# OPINION

In this summary judgment case, Florenica Benevides claims that, even though she sued QQ Delight, LLC d/b/a Auntie Anne's of College Station (QQ Delight), after the two-year statute of limitations expired on her personal injury claim, the equitable doctrine of misidentification saved her claim. We disagree and affirm the trial court's judgment in favor of QQ Delight.

## I.     Background

On January 31, 2019, Benevides filed her original petition against Lynn O'Connor d/b/a Auntie Anne's of College Station,[1] claiming that she was injured when she slipped and fell on wax paper while walking in the area of the Auntie Anne's kiosk in the Post Oak Mall on February 1, 2017.[2]  On March 27, 2020, O'Connor filed her original answer, in which she claimed there was a defect in parties because O'Connor assigned the lease on the premises in 2015 and did not own, operate, or control the premises on the date of the alleged incident.

On May 18, 2020, Benevides filed her first amended petition against O'Connor and added Delish Enterprises, Inc., as a new defendant. Delish Enterprises answered the lawsuit, also claiming a defect in parties because it was not an owner or lessor of the premises at the time of Benevides's alleged injury. A month later, on June 12, 2020, Benevides filed her second amended petition, adding QQ Delight as a defendant. In August 2020, Benevides nonsuited her

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]On March 25, 2020, the trial court notified the parties that the case was set to be dismissed for want of prosecution on June 30, 2020.

claims against O'Connor and Delish Enterprises.[3]  In the meantime, QQ Delight was not served with process until May 12, 2022.

On May 31, 2022, QQ Delight answered the lawsuit and affirmatively pled that Benevides (1) failed to file her action within two years from the time of the alleged incident as required by Section 16.003(a) of the Texas Civil Practice and Remedies Code and (2) failed to diligently serve QQ Delight after both the time the cause of action accrued and after the period prescribed by Section 16.003(a).  On the same day it filed its answer and affirmative defenses, QQ Delight also filed a traditional motion for summary judgment in which it claimed entitlement to judgment based on its limitations defense.  The trial court entered final summary judgment in favor of QQ Delight in August 2022.  This appeal ensued.

## II.     Standard of Review and Applicable Law

"We review summary judgments de novo."  *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019).  In our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor."  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  "When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious."  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

---

[3]Benevides next filed a motion for a default judgment against QQ Delight, claiming QQ Delight was properly served with process, a return of service was on file, and QQ's answer was past due.  The court granted a default judgment against QQ Delight on September 10, 2020.  The record indicates that the trial court granted QQ Delight's bill of review, vacating the default judgment against QQ Delight.

"The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing TEX. R. CIV. P. 166a(c)). Once the movant "produces evidence entitling it to summary judgment, the burden shifts to the [nonmovant] to present evidence creating a fact issue." *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

In this case, QQ Delight moved for summary judgment on the statute of limitations. "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (quoting *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). This means that a defendant "has the burden regarding any issues raised that affect which days count toward the running of limitations—such as accrual, the discovery rule, and tolling." *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). "A defendant who moves for summary judgment based on limitations must . . . conclusively negate application of . . . tolling doctrines pleaded as an exception to limitations." *Renda*, 590 S.W.3d at 563. This is because "a plaintiff's assertion that the statute of limitations was tolled falls within the category of issues affecting the running of limitations on which the moving defendant bears the burden." *Johnson*, 631 S.W.3d at 92. "[I]f the defendant carries that burden and conclusively establishes its defense, the plaintiff can avoid summary judgment by raising a genuine issue of material fact on any equitable defense that its suit should not be barred even though the limitations period has run—such as fraudulent concealment, estoppel, or diligent service." *Id.* at 89.

4

III.     Analysis

A.     Statute of Limitations

Section 16.003(b) sets forth a two-year limitations period in which to file suit for personal injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). "Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Brantner v. Robinson*, No. 10-17-00335-CV, 2019 WL 3822306, at *3 (Tex. App.—Waco Aug. 14, 2019, no pet.) (mem. op.) (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh'g)); *see Long v. Houston Nw. Med. Ctr., Inc.,* No. 01-90-00284-CV, 1991 WL 19837, at *9 (Tex. App.—Houston [1st Dist.] Feb. 14, 1991, writ denied) (cause of action for personal injury accrues when wrongful act causes injury).

It is undisputed that Benevides allegedly fell and injured herself on February 1, 2017. Under the two-year limitations period, the deadline for Benevides to file her personal injury claim was February 1, 2019. It is apparent from the record, as recited above, that Benevides did not sue QQ Delight until June 12, 2020, well beyond the limitations period. The record also shows that QQ Delight was not served with process until May 2022.

Benevides does not claim that she sued and served QQ Delight within the limitations period. Instead, she claims genuine issues of material fact exist as to the application of the misidentification doctrine in this case.

5

## B. Misidentification Doctrine

"Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (orig. proceeding) (footnote omitted) (citations omitted).[4] "If . . . the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex. 1990). "A suit mistakenly filed against the wrong defendant imposes no duty on the correct defendant to intervene and point out the plaintiff's error." *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984). This "rule applies even though the correct defendant may have known of the suit." *Id.*; *see Wright v. Gifford-Hill & Co.*, 736 S.W.2d 828, 834 (Tex. App.—Waco 1987, writ ref'd n.r.e.).

Benevides relies on an equitable exception to the general rule that misidentification does not toll the running of the statute of limitations. This equitable exception was established in *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex. 1975), in which Hilland sued the wrong defendant—Continental Trailways, Inc.—within the limitations period. *Id.* at 829. After the two-year limitations period ran, Hilland sued the proper defendant—Continental Southern Lines, Inc. *Id.* Continental Southern raised a limitations defense. The court observed

---

[4]Misidentification is distinct from a misnomer. "If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Enserch Corp.*, 794 S.W.2d at 4–5.

that Hilland purchased a bus ticket on "Continental Trailways."  Both the bus station and the bus were marked in large letters "Continental Trailways."  *Id.*  Printed in small letters near the back of the bus was information indicating that the bus was owned by Continental Southern.  *Id.*  In fact, Continental Southern operated under the trade name "Continental Trailways."  *Id.* at 830.  Based on that evidence, the court recognized that the bus companies "made a conscious effort to make it appear to the public and to their customers that they [were] 'Continental Trailways.'"  *Id.*  The evidence also showed that, soon after Hilland's accident, the bus driver sent an accident report to Continental Southern, that Continental Trailways and Continental Southern had the same agent for service of process and used the same lawyers in Houston, and that citation may have been forwarded to Continental Southern.  *Id.* at 830–31.

From that evidence, it could be inferred that Continental Southern was aware of the lawsuit and that its investigative people had prompt notice of the accident.  *Id.* at 831.  Because the record was not fully developed, there were only inferences, but no finding, that Continental Southern was notified and had a fair opportunity to defend itself before the limitations period ran.  *Id.*  The court, therefore, concluded:

> The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds.  While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit.

*Id.* at 831.

The Texas Supreme Court clarified the equitable exception to the misidentification doctrine in *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999), in which it stated, "In misidentification cases, limitations may be tolled when a plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* at 830; *see Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam) (same).

Benevides relies on *Hilland* and its progeny to support her assertion that "QQ Delight's knowledge of this incident before the limitations period expired is unclear and presented genuine fact issues."[5] We disagree.

The summary judgment evidence showed that Benevides initially sued Lynn O'Connor d/b/a Auntie Anne's of College Station. Benevides next sued Delish Enterprises, Inc., and eventually sued QQ Delight, LLC d/b/a Auntie Anne's. When Benevides learned that O'Connor and Delish Enterprises were not the correct defendants, she nonsuited her claims against them. This evidence plainly reflects that this suit was mistakenly filed against two defendants before QQ Delight was sued. Under these facts, the statute of limitations was not tolled. *See Enserch Corp.*, 794 S.W.2d at 5.

---

[5]Benevides did not preserve the issue of whether she should have more time for discovery in order to raise a fact issue in response to QQ Delight's motion for summary judgment. Benevides did not file an affidavit in the trial court explaining the need for further discovery or a verified motion for continuance. *See Doe v. Roman Catholic Archdiocese of Galveston-Houston ex. rel. Dinardo*, 362 S.W.3d 803, 809 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (when a party believes "it has not had an adequate opportunity for discovery before a summary-judgment hearing, that party must file an affidavit explaining the need for further discovery or a verified motion for continuance") (citing TEX. R. CIV. P. 166a(g), 251, 252); *see Springer v. Am. Zurich Ins. Co.*, 115 S.W.3d 582, 586 (Tex. App.—Waco 2003, pet. denied). Benevides has therefore waived any such claim. *See* TEX. R. APP. P. 33.1.

Unlike *Hilland*, Benevides sued three separate, unrelated legal entities. Each defendant had a different agent for service of process and different legal counsel. There is nothing in the evidence before us that would support an inference that QQ Delight had prompt notice of the accident or was aware of the lawsuit within the limitations period.[6] *See Mishak v. Wilhelm*, No. 10-05-00177-CV, 2006 WL 949891, at *1 (Tex. App.—Waco Apr. 12, 2006, no pet.) (mem. op.) (misidentification requires actual notice to correct defendant within limitations period).[7] Given the summary judgment evidence, we cannot conclude that the trial court erred in granting summary judgment in favor of QQ Delight.

## IV.  Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:  February 14, 2023
Date Decided:  March 24, 2023

---

[6]In her response to the summary judgment motion, Benevides attached a March 11, 2020, email from the owner of Delish Enterprises to appellant's counsel, with a copy to the owner of QQ Delight, stating that he sold the business in 2016. That email was dated well beyond the statute of limitations period.

[7]Because diligence is not an issue in cases involving the equitable exception to the misidentification doctrine, we do not address the issue of Benevides's diligence in service of process on QQ Delight. *See Lozano v. Broussard Int'l*, No. 04-09-00047-CV, 2009 WL 3222820, at *2 (Tex. App.—San Antonio Oct. 7, 2009, pet. denied) (mem. op.); *Brinker Tex., L.P. v. Looney*, 135 S.W.3d 280, 285 (Tex. App.—Fort Worth 2004, no pet.); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex. App.—Austin 1987, writ ref'd n.r.e.).